UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ASSATA RHODES

               Plaintiff,

v.

TRANSUNION LLC and CHRISTOPHER CARTWRIGHT

               Defendants.

**MEMORANDUM AND ORDER**

23-cv-00622 (LDH) (JAM)

---

LᴀSHANN DᴇARCY HALL, United States District Judge:

Assata Rhodes ("Plaintiff"), proceeding pro se, brings the instant action pursuant to 15 U.S.C. §§ 1681 *et seq.* against Transunion LLC ("Transunion") and Christopher Cartwright, Transunion's CEO (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA").  Specifically, Plaintiff alleges that Defendant Transunion violated §§ 1681e(b), 1681i(a), 1681b, and 1681n of the FCRA.[1]  Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint in its entirety.

**BACKGROUND**[2]

On or about March 29, 2022, Plaintiff discovered purported inaccuracies in a consumer report in Plaintiff's name that was prepared and maintained by Defendant Transunion (Plaintiff's

---

[1] Notwithstanding Plaintiff commencing this action against Defendant Cartwright, none of Plaintiff's causes of actions are specifically brought against Defendant Cartwright.

[2] Because Plaintiff is proceeding pro se in this action, the Court treats the separately filed exhibits referenced in the Amended Complaint (the "Exhibits") as if they were properly annexed to the Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (explaining that, in reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citation omitted)); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  As such, the following facts are taken from the Amended Complaint as well as the separately filed exhibits.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)[ of the Federal Rules of Civil Procedure], a district court may consider the facts alleged in . . .  documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint." (citations omitted))

1

or the "Consumer Report").  (Am. Compl. ¶ 10, ECF No. 28.)  Plaintiff alleges that these inaccuracies included, but were not limited to, incorrect and/or outdated information and balances.  (*Id.*)  On or about March 29, 2022, Plaintiff submitted a written dispute to Defendant Transunion identifying the purportedly inaccurate information and requested that it investigate and correct the complained of errors.  (*Id.* ¶ 11.)  According to the Amended Complaint, Defendant Transunion failed to conduct a reasonable investigation into the disputed information.  (*Id.* ¶ 12.)  Instead, Defendant Transunion verified the information, did not respond to Plaintiff, and added the remark "Account information disputed by consumer (FCRA)" to the records in dispute.  (*Id.*)  In response, Plaintiff contacted Defendant Transunion on March 29, May 3, 2022, June 6, 2022, and July 29, 2022, in an effort to resolve the purported inaccuracies.[3]  (*Id.* ¶ 13.)

Specifically, on June 6, 2022, Plaintiff sent Defendant Transunion a letter (Plaintiff's or the "June 2022 Dispute Letter") identifying certain information in the Consumer Report as inaccurate.  (Exhibits at 14-19.)  Specifically, in Plaintiff's June 2022 Dispute Letter, she identified three accounts and stated the Consumer Report listed them has having "missing or late payments[,] and that is incorrect."  She further stated that "the following accounts were never paid late; and they were paid in full. **Any late or missed payments should be removed and the accounts should be listed as 'Paid or Paying as Agreed' with a zero ($0) balance.**"  (*Id.* at 16 (emphasis in original).)  In addition, Plaintiff noted "[p]ursuant to 15 USC § 1666b, a creditor may not treat a payment on a credit card account under an open end consumer credit plan as late for any purpose, unless the creditor has adopted reasonable procedures designed to ensure that

---

[3] In the Exhibits to the Amended Complaint, Plaintiff provided her letters to Defendants dated June 6, 2022, and July 29, 2022, but she did not provide her March 29, 2022 letter or her May 3, 2022 letter.  (*See* Exs., ECF No. 27.)  As such, the Court has not considered Plaintiff's letters dated March 29, 2022, and May 3, 2022.  In addition, the Court need not discuss Plaintiff's July 29, 2022 letter because the only facts referenced within this letter that are germane to the Court's analysis are discussed, *infra*, with respect to Plaintiff's June 6, 2022 letter.

each periodic statement including the information required by § 1637 (b) of this title is mailed or delivered to the consumer not later than 21 days before the payment due date." (*Id.* at 16.) According to the Amended Complaint, Defendant Transunion failed to respond to Plaintiff's satisfaction and/or continued to report the purportedly inaccurate information. (Am. Compl. ¶ 13.)

In addition to the above, on or about March 29, 2022, Plaintiff discovered unauthorized and/or fraudulent inquiries and disclosures related to the Consumer Report. (*Id.* ¶ 10.) Specifically, according to the Amended Complaint, Defendant Transunion disclosed Plaintiff's Consumer Report to "third parties including, but not limited to, 'CAP ONE NA' without Plaintiff's consent or authorization." (*Id.* ¶ 14.) As is relevant here, the disclosure to "CAP ONE NA" is alleged to have been made notwithstanding Plaintiff neither requesting nor initiating any transaction with "CAP ONE NA." (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the Amended Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see*

3

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

In 1970, Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). With respect to fair and accurate credit reporting, under § 1681e(b) of the FRCA, "[w]henever a consumer reporting agency prepares a consumer report[,] it [must] follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). And, if an individual disputes the accuracy of information appearing on a report, under § 1681i, the consumer reporting agency must notify the entity that furnished the disputed information as well as conduct a reasonable investigation to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)-(2). With respect to protecting consumer privacy, § 1681b of the FCRA lists permissible purposes for which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b. That is, § 1681b of the FCRA permits credit reporting agencies to furnish a consumer report under certain "circumstances and no other." 15 U.S.C. § 1681b(a)(3). Pertinently, a credit reporting agency may furnish a consumer report to a person it has reason to believe intends to use the information for one-of-the-five enumerated reasons, or "otherwise has a legitimate business need for the information" in connection with a transaction initiated by the consumer or to review an account to ensure the consumer continues to meet the terms of the account. *Id.* Lastly, as is relevant here, § 1681n(a) of "[t]he FCRA creates a private right of action against credit reporting agencies for the . . . willful violation of any duty imposed under" the FCRA. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995)

(internal citation omitted) (citing 15 U.S.C. § 1681n).  Therefore, to survive a motion to dismiss, the plaintiff must plausibly allege (1) a violation of the FRCA, and (2) that the violation was committed "willfully."  *See* 15 U.S.C. § 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ."); *see Perl v. Am. Exp.*, No. 12-CV-4380, 2012 WL 2711270, at *2-3 (S.D.N.Y. July 9, 2012) (assessing first whether the plaintiffs "adequately allege[d]" a violation of the FCRA, then assessing whether the plaintiffs' allegations "include[d] enough factual content to allow th[e] [c]ourt to draw [a] reasonable inference that the alleged violation was willful")

Here, Plaintiff alleges that Defendant Transunion violated:  § 1681e(b) of the FCRA by failing to take adequate steps to verify the accuracy of certain disputed information; 1681i(a) of the FCRA by failing to conduct a reasonable reinvestigation of disputed information; § 1681b of the FCRA by disclosing Plaintiff's private information to third parties without authorization; and § 1681n of the FCRA by committing the aforementioned violations willfully or with reckless disregard for its statutory obligations.  (*Id.* ¶¶ 22-25.)

## I.        Plaintiff failed to viably state a claim under § 1681e or § 1681i of the FCRA

To prevail on a § 1681e(b) or § 1681i(a) claim, a plaintiff must establish, among other things, that a credit report contains an inaccuracy.  *See Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (for a § 1681e claim to be successful, "it is necessary for a plaintiff to establish . . . that a credit report contains an inaccuracy"); *see Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 92 n.3 (2d Cir. 2021) (indicating a § 1681i claim fails where a credit report is not shown to be inaccurate).  Indeed, courts in this Circuit have referred to the existence of an inaccuracy as "a threshold question"—meaning, a plaintiff must adequately "allege an inaccuracy to state a claim under either § 1681e(b) or 1681i.  *Gross v. Priv. Nat'l Mortg.*

5

*Acceptance Co.*, LLC, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021); *see Spira v. TransUnion, LLC*, No. 23-CV-4319, 2024 WL 2221662, at *3 (S.D.N.Y. May 16, 2024) (same). "[A] credit report is inaccurate 'either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Mader*, 56 F.4th at 269 (quoting *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021)).

Of course, in discerning whether a plaintiff adequately pleaded that a credit report is inaccurate, the Court need not credit mere conclusory statements. *Wimberly v. Experian Info. Sols.*, No. 1:18-CV-6058, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (concluding "[p]laintiff cannot state claims under sections 1681e(b) or 1681a(1)(A) of the FCRA[ because] . . . [t]he [proposed complaint] contains only vague and conclusory allegations that [the d]efendant knowingly reported inaccurate information"); *Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" save the plaintiff from dismissal under Rule 12(b)(6) (third alteration in original)). To meet the requisite threshold to state a plausible § 1681e(b) or § 1681i claim, a plaintiff must not only allege that information contained in a credit report is inaccurate, but she must also "demonstrate that the disputed information is inaccurate." *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019) (collecting cases) (quoting *Gestetner v. Equifax Info. Servs. LLC*, No. 18 CIV. 5665, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019)). That is, the plaintiff must "explain how or why" the complained of report contains inaccurate information. *See id.* at 4 (dismissing claims under §§ 1681e(b) and 1681i(a) where the plaintiff did not "explain how or why" the disputed items were inaccurate); *Gestetner*, No. 18 CIV. 5665, 2019 WL 1172283, at *2 (dismissing claims under §§ 1681e(b) and 1681i(a)

6

because the plaintiff's amended complaint lacked "factual enhancement" or "any explanation" why the complained of information was "misleading and incorrect"). Even then, not all purported "inaccuracies" are actionable under the FCRA. *Sessa v. Trans Union, LLC*, 74 F.4th 38, 42-43 (2d Cir. 2023). Instead, the "allegedly inaccurate information reported on a consumer's credit report must be objectively and readily verifiable to be actionable." *Id.* at 43.

In response, Defendants argue that these claims must fail because the Amended Complaint "makes no attempt to identify with any particularity why the reporting is inaccurate or how the accounts purportedly should be reported by Defendant." (Defs.' Mem. L. Supp. Mot. Dismiss ("Defs.' Mem.") at 6, ECF No. 31-1.) In other words, according to Defendants, Plaintiff's allegations lack the requisite specificity. (*Id.* at 5-6.) The Court agrees. *See Khan*, No. 18-CV-6367, 2019 WL 2492762, at *3 (collecting cases).

Plaintiff's § 1681e(b) and § 1681i claims are predicated on her allegation that the Consumer Report contained inaccuracies including, but not limited to, "incorrect and/or outdated information [and] incorrect balances." (Am. Compl. ¶¶ 10-12, 22, 23.) In support of her allegation that the Consumer Report contained inaccurate information, Plaintiff cites her June 2022 Dispute Letter. (Exs. at 15-19.) In her June 2022 Dispute Letter, Plaintiff states that the Consumer Report listed three accounts as having "missing or late payments[,] and that is incorrect." (*Id.* at 15.) However, Plaintiff neither explains in the Amended Complaint, the June 2022 Dispute letter, nor her letter dated July 29, 2022, why this information is inaccurate. (*See* Am. Compl.; Exs.) Plaintiff merely states that "[t]he following accounts were never paid late; and they were paid in full. []**Any late or missed payments should be removed and the accounts should be listed as 'Paid or Paying as Agreed' with a zero ($0) balance.**" (Exs. at 16 (emphasis in original).) Then, Plaintiff identifies the complained of accounts and notes:

7

> Pursuant to 15 USC § 1666b, a creditor may not treat a payment on a credit card account under an open end consumer credit plan as late for any purpose, unless the creditor has adopted reasonable procedures designed to ensure that each periodic statement including the information required by § 1637 (b) [*sic*] of this title is mailed or delivered to the consumer not later than 21 days before the payment due date.

(*Id.* at 16.)  Viewing these statements in tandem, it is unclear whether Plaintiff complains that the information is inaccurate because, in her view, 15 USC § 1666b instructs that the Consumer Report cannot label payments as late, or because she in fact has never paid the accounts at issue late.  And, Plaintiff's opposition makes no attempt to clarify this ambiguity.  (*See* Pl.'s Mem. L. Opp'n. Defs.' Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 31-2.)

In any event, Plaintiff's allegations are too conclusory to be regarded as "demonstrating" or "showing" the complained of information is inaccurate, as required.[4]  *See Khan*, No. 18-CV-6367, 2019 WL 2492762, at *4; *Wimberly*, No. 1:18-CV-6058-MKV, 2021 WL 326972, at *5. Instead of demonstrating or showing any inaccuracy, Plaintiff merely denies the accuracy of the complained of information without alleging any supportive facts at all.  (*See* Am. Compl. ¶ 10-12, 22, 23; Pl.'s Opp'n at 11-13.)  This is insufficient.  *See Khan*, No. 18-CV-6367, 2019 WL 2492762, at *4; *Wimberly*, No. 1:18-CV-6058-MKV, 2021 WL 326972, at *5; *see also Gestetner*, No. 18 CIV. 5665, 2019 WL 1172283, at *2 (dismissing Plaintiff's FCRA claims because they lacked "factual enhancement" or adequate explanation).

In further challenging Plaintiff's § 1681e(b) and § 1681i(a) claims, Defendants argue that they must be dismissed because the purported inaccuracy is not a factual inaccuracy but a legal

---

[4] Webster Dictionary defines "demonstrate" as: (1) "to show clearly"; (2a) "to prove or make clear by reasoning or evidence"; (2b) "to illustrate and explain especially with many examples."  "Demonstrate." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/demonstrate (last visited Nov. 22, 2025).  And, Webster Dictionary defines "show" as "to give indication or record of" or "to point out: direction attention to." "Show." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/show (last visited Nov. 22, 2025).

dispute. (Defs.' Mem. at 7-9.) That is, Defendant argues that Plaintiff's claims are "doom[ed] . . . because [it] is not required to resolve legal disputes regarding . . . contractual agreements." (*Id.* at 8.) To support this argument, Defendant relies on *Mader v. Experian Info. Sols*, where the Second Circuit held that the FCRA does not require "credit reporting agencies [to] resolve unsettled legal questions." *Mader*, 56 F.4th at 269. But, oddly, Defendant fails to appreciate the Second Circuit clarified in *Mader* that "[its] holding d[id] not mean that credit reporting agencies are never required by the FCRA to accurately report information derived from the readily verifiable and straightforward application of law to facts." *Id.* at 270. And, after *Mader*, the Second Circuit further explained that "there is no threshold inquiry under the FCRA as to whether any purportedly inaccurate information is legal or factual in nature." *Sessa*, 74 F.4th at 43. Instead, a court's inquiry is limited to whether the information is "objectively and readily verifiable to be actionable." *Id.* To be certain, where "bespoke attention and legal reasoning" are required to determine the accuracy of certain information, such information "is not sufficiently objectively verifiable to render [a plaintiff's] credit report 'inaccurate' under the FCRA." *Mader*, 56 F.4th at 270. Thus, to the extent Defendants argue that the purported inaccuracy upon which Plaintiff relies is not sufficiently verifiable to be actionable when it asserts, "it is neither qualified or [*sic*] obligated to resolve" whether the information is accurate, (Def.'s Mem. at 8), the Court agrees again.

On this issue, *Hossain v. Portfolio Recovery Assocs., LLC*, is instructive. 693 F. Supp. 3d 358 (E.D.N.Y. 2023). There, the court held that "it is not objectively and readily verifiable for a CRA . . . to determine whether [an applicable] statute of limitations has elapsed because it does not involve a "straightforward application of law to facts." *Id.* at 364 (quoting *Mader*, 56 F.4th at 270).) Determining whether a creditor has complied with 15 U.S.C. § 1666b—the question

9

raised in by Plaintiff's amended complaint—is less straightforward than determining whether certain statute of limitations have lapsed.  Indeed, as Plaintiff's June 2022 Demand Letter notes, 15 U.S.C. § 1666b only prohibits a creditor from "treat[ing] a payment on a credit card account under an open end consumer credit plan as late for any purpose," if the creditor failed to adopt "reasonable procedures designed to ensure that each periodic statement[,] including the information required by [15 U.S.C. §] 1637(b)[,] . . . is mailed or delivered to the [relevant] consumer not later than 21 days before the payment due date."  15 U.S.C. 1666b; (*see* Exs. at 16).  That is, in order for 15 U.S.C. § 1666b to render information inaccurate with respect to claims brought under 15 U.S.C. §§ 1681e(b) and 1681i(a), the Court would have to conclude that it is objectively and readily verifiable for a credit reporting agency to determine whether a creditor has "adopted reasonable procedures," as referenced in 15 U.S.C. § 166b.  15 U.S.C. 1666b(a).  The Court declines to do so.  Such an inquiry would require legal reasoning based on factual analysis, which makes the information insufficiently verifiable.  *See Hossain*, 693 F. Supp. 3d at 364. [5]

### II.    Plaintiff fails to Adequately Allege that Defendant Lacked a Permissible Purpose to Share her Credit Report

"To state a claim for civil liability based on [§] 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent."  *Braun v. United Recovery Sys.*, LP, 14 F. Supp. 3d 159,

---

[5] For the avoidance of doubt, Plaintiff's § 1681e(b) and § 1681i claims also fail for additional reasons.  Specifically, Plaintiff did not allege any supporting facts in connection with her allegation that Defendant "failed to verify the accuracy of the disputed information," in violation of § 1681e(b).  In addition, Plaintiff failed to allege facts supporting her contention that Defendant "failed to investigate the dispute[d] information adequately" in violation of § 1681i.  These deficiencies are independently fatal to her claims.  *Rogers v. Equifax Info. Servs. LLC*, No. 23-CV-0537, 2024 WL 2862363, at *3 (E.D.N.Y. June 6, 2024) ("Because §§ 1681e(b) and 1681i do not impose strict liability for inaccuracies, the failure to allege what steps [the defendant] took or failed to take pertaining to the accuracy of its reports is an independent basis to dismiss plaintiff's FCRA claims.") (collecting cases).

166 (S.D.N.Y. 2014) (collecting cases) (quoting *Perl*, No. 12-CV-4380, 2012 WL 2711270, at *2). Critically, there is no overarching or separate requirement here that consumer authorization be obtained before the issuance of a credit report. *Ahmad v. Experian Info. Sols., Inc.*, No. 23-CV-2222, 2023 WL 8650192, at *7 (S.D.N.Y. Dec. 14, 2023) ("[T]he FCRA does not always require consumer authorization before a credit report may be issued."). And, as a general matter, "[l]iability for violation of § 1681b typically attaches to 'third parties who willfully or negligently 'use or obtain' a consumer report for an impermissible purpose,' not the CRAs themselves." *Id.*; *see Manzano v. Trans Union (of Delaware) LLC*, No. 1:23-CV-5990, 2024 WL 3194091, at *4 (S.D.N.Y. June 27, 2024) ("For violations of § 1681b, liability is typically for third parties . . ., and not for consumer reporting agencies (like Trans Union)."), *report and recommendation adopted*, No. 23-CV-5990, 2024 WL 3567704 (S.D.N.Y. July 29, 2024). Defendants argue that the Amended Complaint does not allege facts that make it plausible that Defendant Transunion disclosed the Consumer Report for an impermissible purpose. (Defs.' Mem. at 10-11.)

Here, Plaintiff alleges Defendant Transunion violated § 1681b by disclosing the Consumer Report "without Plaintiff's consent, authorization, or any permissible purpose." (Am. Compl. ¶¶ 14, 24.) However, the Exhibits to the Amended Complaint wholly undermines Plaintiff's § 1681b claim. In other words, fatal to Plaintiff's claims, the Exhibits establish that Plaintiff's Consumer Report was disclosed on numerous occasions for permissible purposes.[6] (*See* Exs. at 21-27.) And, critically, "where 'the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the

---

[6] Oddly, Defendants failed to make this argument. (*See* Def.'s Mem.) Nevertheless, the Court agrees with Defendants' argument that, without reviewing the letter, Plaintiff did not include enough "factual content to allow the court to draw the [requisite] reasonable inference" that Defendant disclosed the Consumer Report for an impermissible purpose. *Perl*, No. 12-CV-4380, 2012 WL 2711270, at *3.

11

allegations of the complaint.'" *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 176 n. 7 (E.D.N.Y. 2015) (quoting *Barnum v. Millbrook Care Ltd. P'ship*, 850 F.Supp. 1227, 1232-33 (S.D.N.Y.1994), *aff'd*, 43 F.3d 1458 (2d Cir.1994)).

In the Amended Complaint, Plaintiff complains that Defendant Transunion disclosed Plaintiff's Consumer Report "to third-parties including, but not limited to, 'CAP ONE NA' without Plaintiff's consent, authorization, or any permissible purpose under 15 U.S.C. § 1681b." (Am. Compl. ¶ 14.)  And, in her opposition, Plaintiff argues that her allegation that she "did not . . . initiate any transaction with 'CAP ONE NA,' and did not authorize the release of Defendant's Report . . . are sufficient to state" a § 1681b claim.  (Pl.'s Opp'n. at 10 (first alteration in original).)  According to Plaintiff, this is so because "a disclosure to a creditor . . . is only lawful if made 'in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review of collection of an account of, the consumer."[7]  (*Id.*)  But, within the Exhibits to the Amended Complaint, there is a letter from "Capital One" to Plaintiff indicating that Plaintiff applied for a credit card with "Capital One®."  (*See* Exs. at 22-23.)  And, according to the letter from Capital One, it reviewed Plaintiff's Consumer Report in determining whether to approve or deny Plaintiff's application for a credit card.  (*See id.*)  This establishes that Defendant had the very permissible purpose Plaintiff argues it lacked.  Indeed, as Plaintiff acknowledges, "a disclosure to a creditor . . . is . . . lawful if made 'in connection with a credit transaction involving the consumer on whom the

---

[7] Plaintiff also contends that the burden is on Defendant "to ensure a permissible purpose, not on the plaintiff to prove the absence of one."  (Pl.'s Opp'n at 7-8.)  In support, Plaintiff relies on *Stonehart v. Rosenthal*, No. 01Civ.651, 2001 WL 910771 (S.D.N.Y. Aug. 13, 2001).  However, *Stonehart*, lends no support to this argument. *See id.*  There, on a motion for summary judgment, the court merely held with respect to the plaintiff's § 1681b claims that the defendants had a complete defense because it was undisputed that the defendants had a permissible purpose for obtaining the credit report at issue.  *Stonehart*, No. 01Civ.651, 2001 WL 910771 at *3-4.  That is, the Court did not relieve the plaintiff of her burden to allege facts that make it plausible that the defendants used or obtained the plaintiff's credit report for an impermissible purpose.  *See id.* at *3 ("To prove a violation of section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose.").

information is to be furnished and involving the extension of credit to, or review of collection of an account of, the consumer" under 15 U.S.C. § 1681b(a)(3)(A). (Pl.'s Opp'n at 10.) This is precisely what the Exhibits indicate occurred here, and Plaintiff failed to present any arguments to the contrary. (*See* Exs. at 22-23; Pl.'s Opp'n.) Accordingly, in the event Plaintiff's § 1681b claim is predicated on Defendants' disclosure of the Consumer Report to Capital One, it fails. *See Blau*, 124 F. Supp. 3d at 176 n. 7.

Furthermore, to the extent Defendants' disclosures of Plaintiff's Consumer Report to TD Auto Finance, American Express, GEICO, and Liberty Mutual Group—as indicated by the Exhibits to the amended complaint, (*see* Exs. at 21-27)—are separate bases for Plaintiff's § 1681b claim, it still fails.[8] Within the Exhibits, there are letters from TD Auto Finance, American Express, GEICO, and Liberty Mutual Group that confirm that Plaintiff's Consumer Report was disclosed to those entities consistent with the permissible purposes under § 1681b(a)(3). (*See id.*) With respect TD Auto Finance and American Express, there are letters that indicate that Defendants disclosed the Consumer Report, pursuant to § 1681b(a)(3)(A), because Plaintiff was seeking an extension of credit from both entities. (*See* Exs. 21, 24-25.) Specifically, there is: a letter from TD Auto Finance to Plaintiff indicating that she applied for "sales financing of a motor vehicle" with it, (*id.* at 21); and a letter from American Express indicating that Plaintiff applied for a credit card with it, (*id.* at 24-25). With respect to GEICO and Liberty Mutual Group, there are letters within the Exhibits that indicate that Defendants disclosed Plaintiff's Consumer Report to both entities, pursuant to § 1681b(a)(3)(C), because

---

[8] In the Amended Complaint, Plaintiff complains that Defendant Transunion "disclosed the consumer report maintained in Plaintiff's name to third parties . . . without any permissible purpose under 15 U.S.C. § 1681b." (Am. Compl. ¶ 14.) However, Plaintiff inexplicably failed to identify any of the "third-parties" referenced. (*See* Am. Compl.; Pl.'s Opp'n.) Nonetheless, in light of Plaintiff's pro se status, the Court will explain why the disclosure of Plaintiff's consumer report to TD Auto Finance, American Express, GEICO, and Liberty Mutual Group do not save Plaintiff's § 1681b claim.

13

Plaintiff sought an insurance quote from each.  (Exhibits at 26-27.)  Under § 1681b(a)(3)(C),

"any consumer reporting agency may furnish a consumer report . . . [t]o [an entity] which it has

reason to believe intends to use the information in connection with the underwriting of insurance

involving the consumer."  15 U.S.C. § 1681b(a)(3)(C).  And, the Exhibits include:  a letter from

GEICO indicating that it reviewed Plaintiff's Consumer Report to obtain a "credit-based

insurance score" in response to Plaintiff contacting it for a quote, (*id.* at 26); and a letter from

Liberty Mutual Group indicating that it reviewed Plaintiff's Consumer Report in response to

Plaintiff requesting "that Liberty Mutual provide [her] with a quote for automobile insurance,"

(*id.* at 27.)  Plaintiff's § 1681b claim is simply without merit.[9]

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is

GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
   March 31, 2026

/s/ LDH      
LASHANN DEARCY HALL
United States District Judge

---

[9] Because Plaintiff has failed to adequately allege that Defendants' non-compliance with the FCRA, her final cause of action—violation of 15 U.S.C. § 1681n—must also fail.  Plaintiff contends that Defendant Transunion's "actions and omissions, as described above, constitute willful noncompliance with the FCRA."  (Am. Compl. ¶ 25.)  Having determined that Defendant Transunion did not fail to comply with the FCRA as alleged by Plaintiff, Plaintiff has failed to allege plausible facts in support of her claim that Defendant Transunion willfully failed to comply with the FCRA.

14